# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ISMAIL OZGUR YAMAN, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | |
| LINDA MARGHERITA YAMAN, ) | CIVIL ACTION |
| A/K/A LINDA MARGHERITA POLIZZI ) | No. 12-cv-00221-PB |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING
OF EVIDENCE IN CIVIL OR COMMERCIAL MATTERS
<u>REGARDING DR. UFUK SEZGIN</u>**

TO THE REPUBLIC OF TURKEY MINISTRY OF JUSTICE
<u>GENERAL DIRECTORATE OF INTERNATIONAL LAW AND FOREIGN RELATIONS</u>

This request is made pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, as adopted and implemented in the United States of America at 28 U.S.C. § 1781.

This Court is a competent court of law and equity that has jurisdiction over this proceeding and has the power to compel the production of documents both within and outside its jurisdiction. Dr. Ufuk Sezgin has or is likely to have information responsive to the questions specified in Attachment A to this Letter as well as documents responsive to the requests in Attachment B to this Letter. The information sought and documents are intended to be used in the resolution of this litigation. It is this Court's view that the requested questions and documents are relevant to determining the merits of the parties' claims.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
LETTER OF REQUEST IN THE MATTER CASE NO. 12-cv-00221-PB

In the proper exercise of its authority, this Court has determined that a deposition of the witness, as well as the production of the documents described in Attachment B cannot practicably be secured in a timely fashion except by the intervention of the Republic of Turkey Ministry of Justice, General Directorate of International Law and Foreign Affairs.

| | | |
|---|---|---|
| 1. | **SENDER:** | Susan Kim (pro hac vice)<br>Bingham McCutchen LLP<br>One State Street,<br>Hartford, CT 06103<br>(860) 240 2858<br>Susan.Kim@Bingham.com |
| 2. | **CENTRAL AUTHORITY OF REQUESTED STATE:** | Republic of Turkey Ministry of Justice General Directorate of International Law and Foreign Relations<br>Milli Müdafaa Street, 22, Bakanliklar<br>06659 Ankara<br>Turkey<br>Telephone: (0312) 414 78 07<br>Fax: (0312) 425 02 90<br>E-mail: uhdigm@adalet.gov.tr |
| 3. | **PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED:** | Susan Kim (pro hac vice)<br>Bingham McCutchen LLP<br>One State Street,<br>Hartford, CT 06103<br>(860) 240 2858<br>Susan.Kim@Bingham.com |
| 4. | **SPECIFICATION OF THE DATE BY WHICH THE REQUESTING AUTHORITY REQUIRES RECEIPT OF THE RESPONSE TO THE LETTER OF REQUEST** | November 9, 2012. |

**IN CONFORMITY WITH ARTICLE III OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUESTS:**

| | | |
|---|---|---|
| 5a. | **REQUESITNG JUDICIAL AUTHORITY (article 3, a):** | Honorable Paul J. Barbadoro<br>United States District Court |

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
LETTER OF REQUEST IN THE MATTER CASE NO. 12-cv-00221-PB

|  |  |  |
|---|---|---|
|  |  | District of New Hampshire<br>Warren B. Rudman U.S. Courthouse<br>55 Pleasant Street, Room 110<br>Concord, NH 03301-3941<br>603-225-1423 |
| **5b.** | **TO THE COMPETENT AUTHORITY OF:** | Republic of Turkey Ministry of Justice General Directorate of International Law and Foreign Relations<br>Milli Müdafaa Street, 22, Bakanliklar<br>06659 Ankara<br>Turkey<br>Telephone: (0312) 414 78 07<br>Fax: (0312) 425 02 90<br>E-mail: uhdigm@adalet.gov.tr |
| **5c.** | **NAME OF THE CASE AND ANY IDENTIFYING NUMBER:** | *ISMAIL OZGUR YAMAN, v. LINDA MARGHERITA YAMAN, A/K/A LINDA MARGHERITA POLIZZI, CIVIL ACTION No. 12-cv-00221-PB (UNITED STATES DISTRICT COURT, DISTRICT OF NEW HAMPSHIRE)* |
| **6.** | **NAMES OF AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES:** | **ISMAIL OZGUR YAMAN,**<br>**Petitioner.**<br><br>Represented by:<br><br>    Kristen A. Fiore (Bar #20082)<br>    Christopher G. Green (pro hac vice)<br>    M. Patrick Moore, Jr. (pro hac vice)<br>    Douglas E. Brayley (pro hac vice)<br>    Lisa L. Rachlin (pro hac vice)<br>    ROPES & GRAY LLP<br>    800 Boylston Street<br>    Boston, Massachusetts 02199<br>    (617) 951-7000<br>    christopher.green@ropesgray.com<br>    michael.moore@ropesgray.com<br>    douglas.brayley@ropesgray.com<br>    lisa.rachlin@ropesgray.com<br>    kristen.fiore@ropesgray.com<br><br>**LINDA MARGHERITA YAMAN,**<br>**A/K/A LINDA MARGHERITA POLIZZI**<br>**Respondent.**<br><br>Represented by:<br><br>    Pamela A. Peterson, Esq. (Bar #11020) |

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
LETTER OF REQUEST IN THE MATTER CASE NO. 12-cv-00221-PB

>David P. Eby, Esq. (Bar #12468)
>DEVINE, MILLIMET & BRANCH
>111 Amherst Street
>Manchester, NH 03101
>Telephone: (603) 669-1000
>ppeterson@devinemillimet.com
>deby@devinemillimet.com
>
>Beth I.Z. Boland, Esq. (pro hac vice)
>BINGHAM MCCUTCHEN LLP
>One Federal Street
>Boston, MA 02030
>Telephone: 617-951-8000
>Beth.Boland@bingham.com
>
>Susan Kim  (pro hac vice)
>BINGHAM MCCUTCHEN LLP
>One State Street,
>Hartford, CT 06103
>(860) 240 2858
>Susan.Kim@Bingham.com

| | | |
|---|---|---|
| 7. | a. **NATURE OF THE PROCEEDINGS (article 3, c):** | On June 12, 2012, Petitioner filed a Verified Petition For Return Of Children And For Immediate Issuance Of Show Cause Order To Respondent ("Petition") with the United States District Court for the District of New Hampshire under the Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980 (the "Hague Abduction Convention" or the "Convention"); the International Child Abduction Remedies Act ("ICARA"), codified by 42 U.S.C. § 11601, *et seq*.; and the New Hampshire Uniform Child Custody Jurisdiction and Enforcement Act ("NHCCJEA"), N.H. Rev. Stat. Ann. § 458-A:1, *et seq.*. |
| | | Respondent Linda Yaman filed an answer to the Petition on June 29, 2012, in which she denied that the Petition satisfies the elements of the Hague Convention.  The Answer asserts several affirmative defenses, including that there is a grave risk that returning the children to Turkey would expose them to physical or psychological harm or an intolerable situation, and that the Children are "settled" in New Hampshire. |
| | | Because all of the alleged abuse occurred in Turkey, several years ago, when the girls were much younger, and |

|  |  |
|---|---|
|  | because the girls received several evaluations by various professionals and counselors at that time, an examination of the impressions, knowledge, and notes and documents relating to therapeutic and evaluative sessions that occurred in Turkey, including any draft and final reports, will be highly relevant to Respondent's ability to establish affirmative defenses. |
| **b. Summary of complaint [Summary of Petitioner Ozgur Yaman's position]:** | Petitioner alleges that in or around August 2007, Respondent abducted the Children and fled Turkey without Petitioner's knowledge or consent and in violation of international and Turkish law. |
|  | While Respondent has made numerous allegations that Petitioner and his parents had been sexually abusive to their daughters, Petitioner has denied these claims. |
|  | After the United States State Department granted the daughters single-use passports on March 15, 2010, Respondent brought her daughters to the United States. |
|  | To prevail on his claim, Petitioner must be able to show that (1) his child was removed from or retained somewhere other than her country of habitual residence, (2) such removal or retention violated the petitioner's custody rights under the law of the country of habitual residence, and (3) the petitioner exercised those custody rights at the time of the removal or retention. |
|  | Petitioner must also be able to overcome any affirmative defenses presented by Respondent. |
| **c. Summary of defense [Summary of Respondent Linda Yamin's position]:** | Ms. Yaman states that in or around August, 2007, she left Turkey with her children in order to protect them from abuse by Mr. Yaman and/or his parents. Ms. Yaman also states that although the Ankara First Family Court granted certain custody rights to Mr. Yaman, he then failed to assert such custody rights over the children after the decision was issued. The children generally visited with Mr. Yaman once a week for six hours, but Mr. Yaman never attempted to exercise his custody rights granted by the court, never complained to Ms. Yaman or the court about a lack of access to the Children, and never asked the judge for any more visitation. |
|  | Ms. Yaman has been the primary parental caregiver of the Children since December 2004, and the sole parental |

|  |  |  |
|---|---|---|
|  |  | caregiver since August 2007. |
|  |  | Ms. Yaman has raised several affirmative defenses, including one that Petitioner's claims are barred because "there is a grave risk that the Children's return to Turkey would expose them to physical or psychological harm or otherwise place them in an intolerable situation." |
| **8a.** | **EVIDENCE TO BE OBTAINED OR OTHER JUDICIAL ACT TO BE PERFORMED (ARTICLE 3(D)):** | The Court seeks an order from the Turkish judicial authorities that:<br><br>Dr. Ufuk Sezgin<br>Capa University Medical Facility,<br>Istanbul, Turkey<br><br>provide for inspection copies of the documents identified in <u>Attachment A</u> hereto to counsel for the Respondent within ten business days after Dr. Ufuk Sezgin receives notice of the order, and that Dr. Ufuk Sezgin be present for purposes of deposition upon oral examination the earliest possible date at the office of local counsel for Respondent:<br><br>Hasan Yavuz<br>48. Caddesi No. 38/4<br>Papatya Apt.<br>Cukurambar<br>Cankaya<br>Ankara |
| **8b.** | **PURPOSE OF THE EVIDENCE OR JUDICIAL ACTION SOUGHT:** | The evidence is necessary in order for the Court to determine whether or not Respondent is able to satisfy her burden to establish, among other things, her fifth affirmative defense that Petitioner's claims are barred because "there is a grave risk that the Children's return to Turkey would expose them to physical or psychological harm or otherwise place them in an intolerable situation."<br><br>The knowledge and impressions of the witness and the documents in the witness' possession are essential to probe both the underlying abuse that may have occurred when the children were in Turkey, as well as any potential harm that might result from an order that forced them to return to Petitioner and his family in Turkey. |
| **9.** | **IDENTITY AND ADRESS OF ANY PERSON TO BE EXAMINED (ARTICLE 3(E)):** | Dr. Ufuk Sezgin<br>Capa University Medical Facility,<br>Istanbul, Turkey |

| | |
|---|---|
| 10. **QUESTIONS TO BE PUT TO THE PERSONS TO BE EXAMINED OR STATEMENT OF THE SUBJECT-MATTER ABOUT WHICH THEY ARE TO BE EXAMINED (ARTICLE 3(F)):** | The attorneys for Respondent shall ask the witness questions, to the full extent allowed under Turkish procedural law, pertaining to the topics and questions listed in <u>Attachment A</u>, hereto, and pertaining to any answers given by the witness to such questions.<br><br>The attorneys for Petitioner shall be permitted to cross-examine the witness (in person or by video-conference), to the full extent allowed under Turkish procedural law, with respect to the topics and questions asked by the attorneys for Respondent. |
| 11. **DOCUMENTS OR OTHER PROPERTY TO BE INSPECTED (ARTICLE 3(G)):** | The documents to be inspected are specified in <u>Attachment B</u>, hereto.<br><br>The Sender identified in Section 1 shall cause a copy of this Letter of Request to be delivered to [name of witness] at the address indicated in Section 8(a) at or before the time the Letter of Request is submitted to the Central Authority of the Requested State identified in Section 2, along with copies of additional documents, if any, to be submitted to the Central Authority regarding this Letter of Request. |
| 12. **ANY REQUIREMENT THAT THE EVIDENCE BE GIVEN ON OATH OR AFFIRMATION AND ANY SPECIAL FORM TO BE USED (ARTICLE 3(H)):** | Dr. Ufuk Sezgin must include, with the documents produced for inspection, a signed affidavit stating that the documents produced are accurate and complete copies of any responsive documents. |
| 13. **SPECIAL METHODS OR PROCEDURE TO BE FOLLOWED (ARTICLES 3(I), 9):** | The examination of the witness will be conducted by counsel for Respondent.<br><br>Such counsel are familiar with the relevant events and the transactions in this complex matter.  Accordingly, they will be able to elicit the relevant testimony in a manner as efficiently and expeditiously as possible.  In addition, permitting the attorneys to conduct the examination of Dr. Ufuk Sezgin will avoid the unnecessary waste of costs and attorneys' fees for both parties in instructing Turkish counsel on the substance of the case. |
| 14. **REQUEST FOR NOTIFICATION OF THE TIME AND PLACE FOR** | The Court wishes that the examination be recorded and to be informed of the time when, and the place where, the execution of the request will take place.  This information |

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
LETTER OF REQUEST IN THE MATTER CASE NO. 12-cv-00221-PB

| | | |
|---|---|---|
| | **THE EXECUTION OF THE REQUEST AND IDENTITY AND ADDRESS OF ANY PERSON TO BE NOTIFIED (ARTICLE 7):** | shall be sent directly to the parties' representatives, as listed above, with a copy to the Court. |
| 15. | **REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL OF THE REQUESTING AUTHORITY AT THE EXECUTION OF THE LETTER OF REQUEST** | Not applicable. |
| 16. | **SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE EVIDENCE UNDER THE LAW OF THE STATE OF ORIGIN** | If production of any documents by Dr. Ufuk Sezgin is withheld, in whole or in part, on the basis of a claim of privilege or that it contains attorney work product, each withheld document shall be separately identified in a privileged document list. The privileged document list must identify each document separately, specifying for each document at least the following information: (1) the title and type of document being withheld; (2) the date of the document; (3) the number of pages in the document; (4) the author(s), addressee(s); and recipient(s); (5) the subject matter of the document; (6) the specific pages or portion of the document being withheld; and (7) the specific privilege or claim being invoked. The party asserting the privilege or work product claim also must provide a certification that all necessary elements of the asserted privilege/work product claim have been met and not waived with respect to each document. |
| 17. | **THE FEES AND COSTS INCURRED WHICH ARE REIMBURSIBLE UNDER THE SECOND PARAGRAPH OF ARTICLE 14 OR UNDER ARTICLE 26 OF THE CONVENTION WILL BE BORNE BY:** | Susan Kim<br>Bingham McCutchen LLP<br>One State Street,<br>Hartford, CT 06103<br>(860) 240 2858<br>Susan.Kim@Bingham.com |

IN WITNESS WHEREOF the undersigned Judge of the court has hereunto set his hand

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
LETTER OF REQUEST IN THE MATTER CASE NO. 12-cv-00221-PB

and caused the seal of said Court to be affixed at Concord, New Hampshire on this _____ day of _____, 2012.

                        Honorable Paul J. Barbadoro
                        United States District Court
                        District of New Hampshire

ENCLOSURE:

ATTACHMENT A:  Questionnaire

ATTACHMENT B:  Documents to be Inspected

# ATTACHMENT A
# TO LETTER OF REQUEST

# QUESTIONNAIRE

A/75228636.1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
LETTER OF REQUEST IN THE MATTER CASE NO. 12-cv-00221-PB

Attachment A

Questionnaire

By authority of Fed. R. Civ. P. 28(b), Respondent Linda Yaman hereby requests that Dr. Ufuk Sezgin answer questions related to *Yaman v. Yaman*, Case No. 12-cv-00221-PB (United States District Court, District of New Hampshire), involving claims by Petitioner Ozgur Yaman that Respondent abducted their two children and fled Turkey without Petitioner's knowledge or consent and in violation of international and Turkish law, as well as Respondent's defenses that include numerous allegations that Petitioner and his parents had been sexually abusive to their daughters. Illustrative questions are presented below to exemplify the type of questions and topics expected to be the subject of examination.

**DEFINITIONS**

As used herein, the following terms shall have the following meanings unless specifically indicated otherwise.

1. "Documents" shall have the broadest meaning ascribed to this term under the laws of the Turkey, and shall include, but not be limited to, hardcopy, handwritten, and any electronic files, including but not limited to e-mail files.

2. "Communication" means any type of oral, written, or electronic contacts between two or more persons in which information, facts, statements, conversations, or opinions were sent, exchanged, imparted, or received.

3. The term "concerning" means containing, embodying, evidencing, reflecting, supporting, identifying, stating, referring to, contradicting, rebutting, dealing with, bearing upon,

relating to or in any way pertaining to, directly or indirectly.

4. The terms "K.Y." and "E.Y." shall refer to the eldest and youngest biological daughter, respectively, between Ozgur and Linda Yaman.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
LETTER OF REQUEST IN THE MATTER CASE NO. 12-cv-00221-PB

## QUESTIONNAIRE

*Note: this list of topics and questions is illustrative in nature and is not exhaustive.*

**Topic 1:** **Dr. Ufuk Sezgin education and employment background.**

1. Please describe your educational background and employment history.

2. Please describe your relevant duties and responsibilities in the course of your employment.

3. Have you ever been disciplined or censured in the context of your employment?

**Topic 2:** **Interactions with Petitioner Ozgur Yaman.**

1. Please describe your relationship with Petitioner Ozgur Yaman, including when you first were introduced to him.

2. Please describe any communications you've had with Ozgur Yaman.

**Topic 3:** **Evaluative sessions.**

1. For Ozgur Yaman, Linda Yaman, their daughters, K.Y. and E.Y., and Ozgur Yaman's parents and Linda Yaman's parents, please describe any interview or evaluative sessions you had with any of them, individually, or in any group, including:

   a. How any sessions were conducted (in person, telephonically, etc.);
   b. who attended the session(s);
   c. the date, time and place of the session(s);
   d. his duration of the session(s);
   e. what occurred during the session(s);
   f. any thoughts, impressions, or conclusions you had following any sessions;
   g. whether you created any notes or reports relating to any sessions.

**Topic 4:**     **Conclusions formed.**

1. Have you ever formed any conclusions as to whether K.Y. was abused sexually by anyone? If so, please describe all conclusions and state whether you ever memorialized any of those conclusions in any form, including written or recorded form.

2. Have you ever formed any conclusions as to whether E.Y. was abused sexually by anyone? If so, please describe all conclusions and state whether you ever memorialized any of those conclusions in any form, including written or recorded form.

3. Have you ever formed any conclusions as to whether Ozgur Yaman sexually abused anyone? If so, please describe all conclusions and state whether you ever memorialized any of those conclusions in any form, including written or recorded form.

4. Have you ever formed any conclusions as to Ozgur Yaman's relationship with K.Y. and E.Y.? If so, please describe all conclusions and state whether you ever memorialized any of those conclusions in any form, including written or recorded form.

5. Have you ever formed any conclusions as to whether Kemal Yaman sexually abused anyone? If so, please describe all conclusions and state whether you ever memorialized any of those conclusions in any form, including written or recorded form.

6. Have you ever formed any conclusions as to Kemal Yaman's relationship with K.Y. and E.Y.? If so, please describe all conclusions and state whether you ever memorialized any of those conclusions in any form, including written or recorded form.

7. Have you ever formed any conclusions as to whether Hacer Yaman sexually

abused anyone? If so, please describe all conclusions and state whether you ever memorialized any of those conclusions in any form, including written or recorded form.

8. Have you ever formed any conclusions as to Hacer Yaman's relationship with K.Y. and E.Y.? If so, please describe all conclusions and state whether you ever memorialized any of those conclusions in any form, including written or recorded form.

9. Have you ever formed any conclusions as to Linda Yaman's relationship with K.Y. and E.Y.? If so, please describe all conclusions and state whether you ever memorialized any of those conclusions in any form, including written or recorded form.

10. For each of your conclusions described above, including any memorialization of such conclusions, please identify:

    h. whether the basis for each conclusion resulted from your independent analysis;

    i. whether you consulted with anyone, including but not limited to peers, professionals, or other court-appointed individuals prior to forming any conclusions;

    j. whether you discussed any of your conclusions with anyone at any time, including but not limited to Linda Yaman or Ozgur Yaman.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
LETTER OF REQUEST IN THE MATTER CASE NO. 12-cv-00221-PB

# ATTACHMENT B
# TO LETTER OF REQUEST

# DOCUMENTS TO BE INSPECTED

A/75228636.1          7

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
LETTER OF REQUEST IN THE MATTER CASE NO. 12-cv-00221-PB

## Attachment B

## DOCUMENTS TO BE INSPECTED

As used herein, the following terms shall have the following meanings unless specifically indicated otherwise.

1. "Documents" shall have the broadest meaning ascribed to this term under the laws of the Turkey, and shall include, but not be limited to, hardcopy, handwritten, and any electronic files, including but not limited to e-mail files.

2. "Communication" means any type of oral, written, or electronic contacts between two or more persons in which information, facts, statements, conversations, or opinions were sent, exchanged, imparted, or received.

3. The term "concerning" means containing, embodying, evidencing, reflecting, supporting, identifying, stating, referring to, contradicting, rebutting, dealing with, bearing upon, relating to or in any way pertaining to, directly or indirectly.

4. The terms "K.Y." and "E.Y." shall refer to the eldest and youngest biological daughter, respectively, between Ozgur and Linda Yaman.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
LETTER OF REQUEST IN THE MATTER CASE NO. 12-cv-00221-PB

## Documents to be Provided for Inspection

1. Any documents concerning any of the following individuals, including but not limited to notes, documents that any of the below individuals provided to you or created for you, and any evaluative reports concerning any of the individuals below (whether in draft or final form):

    a. Linda Yaman;
    b. Ozgur Yaman;
    c. K.Y.
    d. E.Y.
    e. Kemal Yaman
    f. Hacer Yaman

2. All communications with any of the following individuals:

    a. Linda Yaman;
    b. Ozgur Yaman;
    c. Kemal Yaman
    d. Hacer Yaman

3. All communications concerning any of the following individuals:

    a. Linda Yaman;
    b. Ozgur Yaman;
    c. Kemal Yaman
    d. Hacer Yaman

4. All documents, including drafts, concerning any submissions made to any court relating to any legal proceeding involving Linda Yaman and Ozgur Yaman, including their divorce proceeding in Turkey.